# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **Micheal Welch, individually and on behalf of others similarly situated,** | Case No.: <br><br> **CLASS ACTION** |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) ET SEQ.** |
| **Wellabe Enterprise Group, Inc., d/b/a Great Western Insurance Company** | |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, Micheal Welch, brings this action against Defendant Wellabe Enterprise Group, Inc., d/b/a Great Western Insurance Company ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c).

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and Fla. Stat. § 501.059.

1

3. Defendant offers life insurance and annuities. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of himself and members of the class, and any other available legal or equitable remedies.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in the Middle District of Florida.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

11. Venue is proper in the United States District Court Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant provides and markets its services within this district thereby establishing

sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendant has made the same phone calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the State of Florida.

### PARTIES

12. Plaintiff is a natural person residing in city of Ormond Beach, State of Florida.

13. Defendant is an insurance company based in Des Moines, Iowa, offering life insurance and annuities.

### THE TCPA

15. The TCPA states that the regulations required by paragraph (2) may require the establishment and operation of a single national database to compile a list of telephone numbers of residential subscribers who object to receiving telephone solicitations. 47 U.S.C. § 227(c)(3).

16. The TCPA further states that it is prohibited to "any person from making transmitting a telephone solicitation to the telephone number of any subscriber included in such database." 47 U.S.C. § 227(c)(3)(F).

17. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

18. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

19. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

20. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12). In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication. See *Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

21. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R.

§ 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

22. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. *Id*.

23. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

24. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

25. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

### GENERAL ALLEGATIONS

26. At all times relevant, Plaintiff was an individual residing within the State of Florida.

27. At all times relevant, Defendant conducted business in the State of Florida.

28. Plaintiff has been on the National Do Not Call Registry since approximately May 12, 2017.

29. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

30. On or around June 6, 2023, Plaintiff received an automated call from the phone number 386-244-0781. Upon information and belief, this

number belongs to Defendant and/or Defendant's agent. The caller stated they wanted to discuss Final Expense Life Insurance. Final Expense Life Insurance is a policy offered by Wellabe. Plaintiff told them they were not interested and to not call again.

31. That same day, Plaintiff received another automated call. The call came from the phone number 386-206-7798. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff rejected the call.

32. On or around June 10, 2023, Plaintiff received an automated call from the phone number 386-206-7798. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff was greeted by an agent of Defendant's, but the agent refused to release any information when Plaintiff asked about the company. Defendant's agent told Plaintiff that he would receive a letter with further details regarding a policy application. Plaintiff ended the call.

33. On June 12, 2023, Plaintiff received a letter in the mail addressed from Great Western Insurance Company. The letter stated "Welcome to the Great Western Insurance Company family. Thank you for choosing us for your insurance needs." The letter gave a policy effective date of

06/23/202, and gave steps to register for the policy. This was in response to the June 10, 2023, phone call.

34. On or around June 13, 2023, Plaintiff received an automated call from the phone number 386-244-0781. Upon information and belief, this number belongs to Defendant and/or Defendant's agent. Plaintiff rejected the call.

35. Defendant's phone calls constitute telephone solicitation because it encouraged the future purchase or investment in property, goods, or services under 47 U.S.C. § 227(a)(4), i.e., attempting to register Plaintiff for Defendant's services.

36. Plaintiff received the phone calls within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

37. At no point in time did Plaintiff provide Defendant with his express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).

38. Defendant's unsolicited phone calls caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

39. Defendant's phone calls also inconvenienced Plaintiff and caused disruption to his daily life.

40. Defendant's unsolicited phone calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that he spent numerous hours investigating the unwanted phone calls including how they obtained his number and who the Defendant was.

41. Furthermore, Defendant's phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and voicemails like Defendant's poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

**PROPOSED CLASS**

42. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and all others similarly situated.

43. Plaintiff brings this case on behalf of the Class defined as follows:

The Federal TCPA DNC Class

>All persons within the United States who received two phone calls within a 12-month period from Defendant to said person's telephone, and such person had previously included their name on the National Do Not Call Registry at least 31 days prior to receiving Defendant first call, within the four years prior to the filing of this Complaint.

44. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

45. Upon information and belief, Defendant has placed calls to residential telephone numbers belonging to thousands of consumers throughout the United States that are on the national do-not-call registry without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

46. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

///

## COMMON QUESTIONS OF LAW AND FACT

47. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    1) Whether Defendant made non-emergency calls o Plaintiff's and Class members' telephones that were on the national do-not-call registry;

    2) Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    3) Whether Defendant's conduct was knowing and willful;

    4) Whether Defendant is liable for damages, and the amount of such damages; and

    5) Whether Defendant should be enjoined from such conduct in the future.

48. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate,

Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

49. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

50. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

51. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The

likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

52. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I

### NEGLIGENT AND WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227(C)(5)

**(ON BEHALF OF PLAINTIFF AND THE CLASS)**

53. Plaintiff re-alleges and incorporates paragraphs 1-52 as if fully set forth herein.

54. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

> **(A)** an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
>
> **(C)** both such actions.

55. Defendant – or third parties directed by Defendant – dialed numbers to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class defined below.

56. These calls were made without regard to whether Plaintiff or class members were on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

57. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making two or more non-emergency telephone calls to the phones of Plaintiff

and the other members of the putative Class without their prior express written consent.

58. Defendant knew that it did not have prior express consent to make these calls especially since Plaintiff told Defendant he was not interested in what Defendant was offering. The violations were therefore willful or knowing.

59. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiff, on behalf of himself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. An injunction prohibiting Defendant from calling telephone numbers that are on the national do-not-cal registry without the prior express permission of the called party;

c. An order naming Plaintiff as the class representative;

d. An order naming Plaintiff's counsel as class counsel;

e. An award of actual and statutory damages;

f. An award of treble damages for willful violations; and

g. Such further and other relief the Court deems reasonable and just.

## TRIAL BY JURY

60. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 30, 2024                           Respectfully submitted,

  BY: /S/ RYAN L. MCBRIDE_____
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni
Florida State Bar No. 1034549
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
mike@kazlg.com

Ryan L. McBride
Florida State Bar No. 1010101
**Kazerouni Law Group, APC**
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com